FENNEMORE CRAIG, P.C.
Ray K. Harris (No. 007408)
3003 North Central Avenue
Suite 2600
Phoenix, AZ 85012-2913
Telephone: (602) 916-5000
Email: rharris@fclaw.com

Attorneys for Defendant
Hybrid Technologies, Inc. and Superlattice
Power, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, P.C., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Energy Bull, a fictitiously named defendant whose true legal identity is not known by Plaintiff; Hybrid Technologies, Inc., a Nevada Corporation; Superlattice Power, Inc. a Nevada Corporation; ABC Defendants 1-50,<br><br>Defendants. | No. 2:08-cv-1017 PHX ROS<br><br>**MOTION TO DISMISS DEFENDANTS HYBRID TECHNOLOGIES, INC. AND SUPERLATTICE POWER, INC. FOR LACK OF PERSONAL JURISDICTION**<br><br>(Oral Argument Requested) |

Defendants Hybrid Technologies, Inc. and Superlattice Power, Inc. appear specially to move for an order quashing service of summons in this action and dismissing the First Amended Complaint under Federal Rules of Civil Procedure section 12(b)(2).

This motion is made on the grounds that there is no basis for personal jurisdiction over the moving defendants is the State of Arizona.

This motion is based on the following Memorandum of Points and Authorities and the Declaration of Holly Roseberry filed herewith, and the pleadings and papers filed herein.

DATED this 18th day of July, 2008.

                                      FENNEMORE CRAIG, P.C.

                                    By *s/Ray K. Harris*
                                        Ray K. Harris
                                        Attorneys for Defendant

## I.    PRELIMINARY STATEMENT

Defendants Hybrid Technologies, Inc. ("Hybrid") and Superlattice Power, Inc. ("Superlattice") have no contacts with the State of Arizona sufficient for personal jurisdiction in this case. These defendants must be dismissed for lack of jurisdiction.

## II.    FACTS

### A.    Hybrid Technologies, Inc.

Hybrid is a Nevada corporation. Declaration of Holly Roseberry ("Roseberry Decl."), para. 2. Hybrid manufactures and sells alternative energy vehicles. Hybrid does not and has not directed any marketing, advertising, or solicitation to persons within the State of Arizona.[1] *Id*. Hybrid has not performed any service nor provided any product to any person in the state of Arizona. *Id*. Except for counsel representing it in this matter, Hybrid does not and has not employed any person or agent in the State of Arizona. *Id*.

Hybrid did not publish nor authorize the publication of Exhibits 1 or 2 (the "Faxes"), attached to plaintiff's First Amended Class Action Complaint. Roseberry Decl., para. 3. Hybrid did not send the Faxes by facsimile transmission or otherwise to anyone. *Id*. Hybrid did not authorize any facsimile transmission of the Faxes. *Id*. Hybrid does not

---

[1] Hybrid engaged a consultant (the "Consultant") as an independent contractor in Mexico to negotiate and complete a sale of a vehicle to the British Consulate in Mexico City, Mexico, in December of 2005. Hybrid is informed and believes that the Consultant, while serving as an independent contractor for Hybrid, moved his residence to Arizona. In October of 2007, Hybrid's relationship with the Consultant came to an end. Rosenberry Decl. ¶ 2.

do business with "The Energy Bull", the purported publisher of the Faxes, nor has it made any knowing communication with The Energy Bull, its agents, officers, nor employees. *Id*. Except for what it has read on the Faxes, Hybrid does not know anything about The Energy Bull, its business, its employees, or its agents. *Id*. Further, as pointed out by plaintiff, Hybrid has published a disclaimer on its website that it is does not condone, has not authorized, and recommends that the public disregard, unsolicited faxes from persons such as The Energy Bull. *Id*. In sum, Hybrid had no involvement whatsoever in the alleged transmission of the Faxes. *Id*.

B. <u>Superlattice Power Inc.</u>

Superlattice is a Nevada corporation. Roseberry Decl., para. 4. Superlattice is currently a research and development company and does not yet sell products, nor take orders for products, to the general public. *Id*. Superlattice has not and does not maintain any office in Arizona. *Id*. Superlattice has not performed any service nor provided any product to any person in the state of Arizona. *Id*. Except for counsel representing it in this matter, Superlattice does not and has not employed any person or agent in the State of Arizona. *Id*.

Superlattice did not publish nor authorize the publication of either of the Faxes. Roseberry Decl., para. 5. Superlattice did not send the Faxes by facsimile transmission or otherwise to anyone. *Id*. Superlattice did not authorize any facsimile transmission of the Faxes. *Id*. Superlattice does not do business with "The Energy Bull", the purported publisher of the Faxes, nor has it made any knowing communication with The Energy Bull, its agents, officers, nor employees. *Id*. Except for what it has read in the Faxes, Superlattice does not know anything about The Energy Bull, its business, its employees, or its agents. *Id*. Further, as pointed out by plaintiff, Superlattice has published a disclaimer on its website that it does not condone, has not authorized, and recommends that the public disregard, unsolicited faxes from persons such as The Energy Bull. *Id*. In

sum, Superlattice had no involvement whatsoever in the alleged transmission of the Faxes. *Id*.

### III. THERE IS NO PERSONAL JURISDICTION OVER DEFENDANTS HYBRID TECHNOLOGIES, INC. OR SUPERLATTICE POWER, INC.

Due process permits courts to exercise personal jurisdiction over nonresidents who have "minimum contacts" with the forum state. "Minimum contacts" means the relationship between the nonresident and the forum state is such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice" under the U.S. Constitution's Fourteenth Amendment Due Process Clause. *International Shoe Co. v. Washington*, 326 US 310, 316 (1945). The burden is on plaintiff to establish jurisdiction exists. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

Jurisdiction can be either general or specific. Here the defendants have no continuous and systematic contacts necessary to establish general jurisdiction. *Gator.com Corp. v. LL Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003), *dismissed on rehearing on other grounds*, 398 F.3d 1125 (9th Cir. 2005).

For specific jurisdiction, plaintiff's claim must "arise out of" or be "related to" defendant's forum activities. *See Burger King Corp. v. Rudzewicz*, 471 US 462, 477-478 (1985). Specific jurisdiction will only exist if (1) defendant purposely availed itself of the privilege of conducting business in Arizona; (2) the claim arises out of activities in Arizona; and (3) the exercise of jurisdiction is reasonable. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).

There are no such "minimum contacts" in this case. Neither Hybrid nor Superlattice does business in Arizona. Neither Hybrid nor Superlattice sent the alleged Faxes. There is no basis whatsoever for personal jurisdiction over Hybrid nor Superlattice in the State of Arizona.

Plaintiff has sued Hybrid and Superlattice over the receipt of a particular Faxes

attached to plaintiff's complaint. The Faxes in question state on their face that they were published by The Energy Bull. Neither Hybrid nor Superlattice have any contact or affiliation with The Energy Bull and, as acknowledged by plaintiff (Complaint ¶ 20), defendants previously disclaimed any relationship. The Faxes do not arise out of any activity by Hybrid or Superlattice in the State of Arizona. Accordingly, defendants Hybrid and Superlattice must be dismissed from this action.

## IV.   CONCLUSION

Hybrid and Superlattice have no "minimum contacts" with the State of Arizona. Accordingly, there is no personal jurisdiction over defendants Hybrid and Superlattice in the State of Arizona and they should be dismissed.

DATED this 18th day of July, 2008.

FENNEMORE CRAIG, P.C.


By *s/Ray K. Harris*
Ray K. Harris
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik PC
3030 N. Central Ave.
Suite 1401
Phoenix, AZ  85012

*s/Melody Tolliver*

FENNEMORE CRAIG, P.C.
PHOENIX

2086371.1/25666.001

- 5 -