FENNEMORE CRAIG, P.C.
Ray K. Harris (No. 007408)
3003 North Central Avenue
Suite 2600
Phoenix, AZ  85012-2913
Telephone:  (602) 916-5000
Email:  rharris@fclaw.com

Attorneys for Defendants
Hybrid Technologies, Inc. and Superlattice
Power, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, P.C., an Arizona corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>The Energy Bull, a fictitiously named defendant whose true legal identity is not known by Plaintiff; Hybrid Technologies, Inc., a Nevada Corporation; Superlattice Power, Inc. a Nevada Corporation; ABC Defendants 1-50,<br><br>              Defendants. | No. 2:08-cv-1017 PHX ROS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

## I.    PRELIMINARY STATEMENT

Plaintiff Peter Strojnik, P.C. ("Plaintiff) fails to submit any admissible evidence to dispute the lack of personal jurisdiction in this case.  Instead, the Strojnik declaration presents this Court with unsupported opinions and hearsay evidence from anonymous sources.  This evidence is never linked to the Unsolicited Faxes attached to the complaint.

Plaintiff alleges a class exists of persons who received unsolicited faxes from Defendants.  Complaint, ¶ 30.  Plaintiff alleges "forwarding the unsolicited faxes" violates 47 U.S.C. § 227 *et seq*. Complaint ¶ 38 (Count One) and ¶ 49 (Count Two).  Plaintiff

alleges Defendants "expressly and tacitly agreed to illegally transmit unsolicited faxes." *Id.* ¶ 53 (Court Three) and ¶ 60 (Count Four).  Finally, Plaintiff alleges Defendants aided and abetted the violation.  *Id.* ¶ 67 (Count Five) and ¶ 71 (Count Six).

Defendants moved to dismiss for lack of jurisdiction.

The Plaintiff's response asserts Defendant Hybrid Technologies, Inc. ("Hybrid") maintains an interactive website accessible in Arizona, that Defendant Superlattice Power, Inc. ("Superlattice") invests in Hybrid, and that both Defendants engage in "stock manipulation" through Quality$tocks.

General jurisdiction does not exist because Defendants have no systematic and continuous business in Arizona.  Defendants have no sales or business operation in Arizona. General jurisdiction does not exist merely because an Arizona resident *might* be able to order a product of Defendant Hybrid from its website.  There is no evidence of any actual commerce between Defendants and anyone in the State of Arizona.  Cases finding jurisdiction against out-of-state companies with interactive Internet sites made factual findings of substantial sales within the forum jurisdiction.  Absent any actual sales from out-of-state companies with an interactive website, courts have declined to find general jurisdiction.

Specific jurisdiction does not exist because the alleged contacts are not related to the unsolicited faxes which are the subject of Plaintiff's claim.  Moreover, Defendants are informed and believe Quality$tocks is based in Florida, not Arizona.

The motion to dismiss Defendants Hybrid and Superlattice should be granted.

Finally, Plaintiff's request for discovery should also be denied.  Plaintiff does not and cannot identify any discovery that would establish that Defendants have contacts with the State of Arizona.  Discovery following a Rule 12(b)(2) motion typically requires controverted facts and contacts with the forum state.  Since neither is present in this case, discovery is not warranted.

1

2      **II.    ADDITIONAL FACTS**

3              At 12:15 p.m. on July 23, 2008, Defendants' counsel received an email attaching a

4      press release on from Plaintiff's counsel apparently to be posted on his website.  A true

5      and correct copy of the July 23, 2008, email and press release are attached as Exhibit A.

6      Plaintiff invited Defendants to comment on (and thereby validate) Plaintiff's self serving

7      press release.  Defendants declined this invitation to try the case in the press.

8      **III.    PLAINTIFF FAILS TO PRESENT ANY ADMISSIBLE EVIDENCE OF**

9               **CONTACTS WITH THE STATE OF ARIZONA**

10             Although Defendants are the moving parties on the motion to dismiss for lack of

11     personal jurisdiction, Plaintiff is the party who invoked the court's jurisdiction.  Plaintiff

12     bears the burden of proofing the necessary "minimum contacts" between Defendants and

13     the forum state.  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.

14     2002).

15             On a motion to dismiss under Rule 12(b)(2), the Court cannot assume the truth of

16     allegations in a pleading that is contradicted by a sworn affidavit.  *Data Disc, Inc. v.*

17     *Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).  Plaintiff is

18     obligated to present evidence supporting the alleged jurisdiction.

19             The only evidence offered is the Declaration of Strojnik.  Mr. Strojnik has no first-

20     hand knowledge of any act(s) of Defendants Hybrid and Superlattice except that both

21     have websites.  Yet, Mr. Strojnik purports to provide "expert" testimony, without any

22     foundation as to his alleged expertise or how such expertise allows him to determine the

23     point of origin of allegedly untraceable faxes.  Mr. Stojnik offers data admittedly from

24     anonymous, redacted sources and third party websites, both of which are clearly hearsay

25     and lack foundation. See Defendants Objections to Evidence filed herewith.

26             The Declaration of Peter Strojnik offers lay opinions that Hybrid and Superlattice

1  would have motive to send the subject faxes because, he alleges, the faxes "manipulate"
2  the stock price of Defendants.  However, Mr. Strojnik also readily admits that any third
3  party shareholder of these publicly-traded companies would also have such "motivation."
4  Indeed, if "motive" were the touchstone, wouldn't persons seeking millions of dollars in
5  civil lawsuits based on unsolicited faxes be just as motivated to send--or fabricate--
6  untraceable faxes?

7       Plaintiff cannot meet its burden of proof.  Plaintiff failed to submit admissible
8  evidence of any contacts with the forum state.

9  **IV.   AN INTERACTIVE WEBSITE, WITHOUT RESULTING SALES IN THE**
10  **FORUM STATE, IS INSUFFICIENT TO ESTABLISH GENERAL**
11  **JURISDICTION**

12       In *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2003), *app. dismd*,
13  398 F.3d 1125 (9th Cir. 2005), the Ninth Circuit described general jurisdiction over retail
14  giant L.L. Bean as a "close call".  Defendant L.L. Bean targeted its electronic advertising
15  to California and maintained a website "from which very large numbers of California
16  consumers regularly make purchases and interact with L.L. Bean sales representatives."
17  *Id.* at 1078.  "L.L. Bean ships very large numbers of products to California and maintains
18  ongoing contacts with numerous California vendors."  *Id*.  In summary, the Court
19  concluded that "L.L. Bean's contacts are part of a consistent, ongoing, and sophisticated
20  sales effort that has included California for a number of years."  *Id*.

21       Plaintiff argues that "In *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072 (9th Cir.
22  2003), the Ninth Circuit Court of Appeals found the existence of a 'virtual store' was
23  sufficient for finding general jurisdiction over the defendant."  Plaintiff's Opposition
24  Brief, p. 7, ll. 7-9.  On the contrary, the Ninth Circuit did not find general jurisdiction
25  arising from the existence of a virtual store alone; instead L.L. Bean operated a virtual
26  store that engaged in a substantial amount of business with the forum state over a number

of years.  Indeed, the *Gator.com* court noted:  "This test requires both that the party in question 'clearly [do] business over the Internet,' [citation], and that the Internet business contacts with the forum state be substantial or continuous and systematic" and that "the nature of the commercial activity must be substantial enough that it 'approximate[s] physical presence." Id at 1079 (quoted by Plaintiff's Opposition Brief, p. 7, ll. 13-17).

If *Gator.com* was a "close call," the case at hand is an obvious candidate for dismissal.  Here, unlike *Gator.com*, there were no sales and no interaction between Defendants and any customer in the State of Arizona.  General jurisdiction requires that a "defendant's activities in the state are 'substantial' or 'continuous and systematic'." *Chandler v. Roy*, 985 F. Supp. 1205, 1211 (D Ariz 1997).  Plaintiff fails to cite any authority for general jurisdiction over a website operator that did not consummate any business in the forum state.

## V.      THERE IS NO BASIS FOR SPECIAL JURISDICTION IN THIS CASE

In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997), the Ninth Circuit found that there was no "purposeful availment"--the first prong of the three-part test for specific jurisdiction--where no commercial activity was generated in the forum state of Arizona.  In that case, the defendant conducted no commercial activity over the Internet in Arizona.  Defendant did nothing to encourage the people of Arizona to access the site, and there was no evidence that any part of its business was sought or achieved in Arizona.  "In short, Cybersell, FL has done no act and has consummated no transaction, nor has it performed any act by which it purposefully availed itself of the privilege of conducting activities, in Arizona, thereby invoking the benefits and protections of Arizona law."

In addition, there is no connection between the contacts alleged by Plaintiff and the unsolicited faxes.  Plaintiff's lawsuit is based on the alleged receipt of an unsolicited fax.  There is no evidence whatsoever that Defendants had anything to do with the alleged unsolicited fax(es) at issue.  If Plaintiff's claim does not arise out of Defendants' activities

1  in Arizona, there are no "minimum contacts" necessary for the Court to invoke specific

2  jurisdiction over Defendants in Arizona.  *Chandler v. Roy*, 985 F. Supp. 1205, 1211

3  (D.Ariz. 1997) ("the claim must be one which arises out of or relates to the defendant's

4  forum-related activities").

5  **VI.    THE COURT SHOULD DENY THE REQUEST FOR DISCOVERY**

6         "Discovery should ordinarily be granted where pertinent facts bearing on the

7  question of jurisdiction are controverted or where a more satisfactory showing of the facts

8  is necessary."  *Laub v. U.S. Department of the Interior*, 342 F.3d 1080 (9th Cir. 2003)

9  (citation omitted).  Here Plaintiff has not presented any admissible evidence on any issue

10  related to personal jurisdiction; therefore, there are no *facts* that are controverted.  This is

11  not a case where there is any ambiguity in Defendants' forum contacts. There are none.

12         Plaintiff makes a vague request "that it be granted the right to discovery."

13  However, Plaintiff fails to state any particular form of discovery (Document requests?

14  Interrogatories?  Deposition(s)?  Subpoenas?) nor to whom it would direct such discovery.

15  Plaintiff never identifies what evidence further discovery might yield on the jurisdictional

16  issues in this case.  "When it is clear that further discovery would not demonstrate facts

17  sufficient to constitute a basis for jurisdiction," the court can dismiss.  *Orchid Biosciences,*

18  *Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (9th Cir. 2001) (citing *Wells Fargo & Co.*

19  *v Wells Fargo Express Co.*, 556 F.2d 406, 430, n. 24 (9th Cir. 1977)).

20         Discovery should not be allowed where declarations alone answer all of the

21  jurisdictional questions.  *Orchid Biosciences, Inc.*, 198 F.R.D. at 674.  When declarations

22  offered by defendant to defeat personal jurisdiction set forth "a virtual complete lack of

23  contacts with the forum state," further discovery is unwarranted.  *Id*.  (Emphasis in

24  original).

25         The admissible evidence before this Court is that Defendants have no contacts with

26  the State of Arizona.  Plaintiff's self-serving speculation does not create a controverted

1    fact.  Discovery should be denied.

2        DATED this 11th day of August, 2008.

3                                    FENNEMORE CRAIG, P.C.

4

5                                    By *s/Ray K. Harris*
                                         _____
6                                    Ray K. Harris
                                     Attorneys for Defendants
7

8                        CERTIFICATE OF SERVICE

9        I hereby certify that on August 11, 2008, I electronically transmitted the attached
     document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
10   Notice of Electronic Filing to the following CM/ECF registrants:

11           Peter Strojnik
             Peter Strojnik PC
12           3030 N. Central Ave.
             Suite 1401
13           Phoenix, AZ  85012

14                                    *s/Melody Tolliver*
                                      _____

15

16

17

18

19

20

21

22

23

24

25

26

FENNEMORE CRAIG, P.C.
PHOENIX

2095534.1/25666.001