Peter Strojnik, Esq. – Arizona State Bar No. 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE ENERGY BULL, a fictitiously named defendant whose true legal identity is not known by Plaintiff; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM HARRIS PASTERNACK a/k/a ADAM HARRIS, an individual; ALLA PASTERNACK, an individual; ABC DEFENDANTS 1-50<br><br>Defendants. | NO.  2:08-cv-1017 PHX  ROS<br><br>**LODGED:  PROPOSED SECOND AMENDED COMPLAINT** |

Peter Strojnik, Esq. – Arizona. State Bar No. 006464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE ENERGY BULL, et al.<br><br>Defendants. | NO. 2:08-cv-1017 PHX -ROS<br><br>**RULE 15 MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |

### I. INTRODUCTION

Plaintiff seeks leave to amend the First Amended Complaint in the above-entitled action pursuant to Federal Rules of Civil Procedure § 15(a)(2). Justice requires adding Adam Harris Pasternack and his wife, Alla Pasternack, as well as Digitalspeed Communications, Inc. because it was discovered on or about August 26, 2008 that they were the parties responsible for the sending of facsimile at issue.

The supporting documents will demonstrate that Digitalspeed was the sender of the Fax. The supporting documents will demonstrate and corroborate Plaintiff's evidence that Mr. Pasternack, the sole owner and President of Digitalspeed, has in the past acted under Digitalspeed's corporate shield to broadcast facsimiles. Mrs. Pasternack will be added as Mr. Pasternack's spouse pursuant to A.R.S. § 25-215(d).

## II. STATEMENT OF FACTS

On June 2, 2008, Peter Strojnik, P.C. filed a complaint against The Energy Bull, a fictitious entity, for its violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA), aiding and abetting, and conspiring to violate the TCPA (Doc. 1). On June 24, 2008, Plaintiff filed a First Amended Complaint as of Right alleging the same causes of action against Hybrid Technologies and Superlattice Power (Doc. 10).

Prior to and between the date of filing Doc 10 and August 26, 2008, Plaintiff was unaware of the identity of the actual sender of the subject facsimile giving rise to the TCPA violation (the "Fax"), but was aware that Hybrid, Superlattice and "The Energy Bull" were involved in the violation (Strojnik Declaration, Exhibit 1). It was not until on or about August 26, 2008 that Plaintiff discovered the Fax sender's identity. Plaintiff discovered that Digitalspeed and Adam Pasternack were the principal violators of the TCPA for their acts of sending the Fax (Strojnik Dec., ¶8) (Collins Declaration, ¶4, Exhibit 2).

Digitalspeed Communications, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania (Pennsylvania Secretary of State, Exhibit 3). Mr. Pasternack represents that he is the President of Digitalspeed (See Doc 9-2, No. 2:08-cv-02205-PHX-NVW).

The TCPA and its accompanying regulations has produced stealthy and crafty violators of the federal fax transmission rules. Most often, the fax blasters hide their identity by omitting the caller identification on the top of the particular fax and/or not providing any information on the fax that can lead to the identification of the fax blaster. Sometimes, however, the fax blaster identifies itself by placing its telephone number on the bottom of the fax in a meager attempt to comply with TCPA rules and regulations. This number is the removal number, and it purports to allow the caller of said number to remove himself/herself from the fax blaster's "fax list." Invariably, the fax blaster's identity can be

targeted by identifying the issuee of the removal number (Strojnik Dec., ¶5). In this case, it was not until on or about August 26, 2008 that Plaintiff identified Digitalspeed as the issuee of the removal number (Strojnik Dec., ¶7).

In prior and contemporaneous cases[1], Plaintiff's counsel has conducted extensive research on Mr. Pasternack and Digitalspeed and their involvement in the violation of the TCPA. For example, the research revealed that Digitalspeed was the sender of at least 10 other unsolicited faxes not at issue in this case (Strojnik Dec., ¶8) (Collins Dec., ¶4). Mr. Pasternack was the CEO of Faxquest International, Ltd., which is a fax transmission service in Philadelphia that had the same exact office as Digitalspeed (Lexis SmartLinx Doc., Exhibit 4) (YellowPages.com, Exhibit 5)[2]. In 2005, the FCC cited Mr. Pasternack, *not Digitalspeed*, for a violation of the TCPA for his broadcasting of unsolicited facsimiles (Exhibit 6).[3]

In light of Plaintiff's counsel's already-complete research on Digitalspeed and Mr. Pasternack coupled with the identification of Digitalspeed as the sender of the Fax, Plaintiff filed its Second Amended Complaint naming Digitalspeed and Mr. Pasternack as Defendants one week after identifying them. On November 25, 2008, the Court in this matter struck the Second Amended Complaint pursuant to FRCP 15(a)(2) although there was no opposition by Defendants Hybrid and Superlattice (Doc. 28). Plaintiff now proposes to add Digitalspeed and the Pasternacks to the proposed Second Amended Complaint (Exhibit 7).

---

[1] Plaintiff's counsel currently represents Consumer Protection Corporation and Peter Strojnik, P.C. in several other TCPA cases in which Digitalspeed and Mr. Pasternack are named defendants. These cases are as follows: *Consumer Protection Corporation v. Medefile International, Inc. et al.*, No. cv-08-1853-PHX-ROS; *Consumer Protection Corporation v. Playbox (US), Inc. et al.*, No. cv-08-2211-PHX-MHM; *Consumer Protection Corporation v. Radisson Hotels Int'l, Inc. et al.*, No. cv-08-2205-PHX-NVW; *Peter Strojnik, P.C. v. Signalife, Inc. et al.*, No. cv-08-1116-PHX-FJM.
[2] If the Court reviews Exhibits 4 and 5 together, they will demonstrate that Faxquest International and Digitalspeed both did/do reside at 1811 Chestnut Street, Suite 304, Philadelphia, Pennsylvania 19103.
[3] The FCC Citation is addressed to "Adam Harris", which is an a/k/a for Adam Harris Pasternack.

## III. SUPPORTING LAW

### A. The Rule 15(a) Standard

FRCP § 15(a)(2) states in relevant part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." In deciding a Motion to Amend, the Court is guided by the principle that matters be decided on the merits rather than on technicalities. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded" (quoting FRCP 15(a))). "[A] court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The liberal policy of granting leave to amend is "not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Thus, a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *Id.* (citing *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982).

### 1. Justice Requires Adding Digitalspeed Because Of Its Identity As The Sender Of The Fax.

Plaintiff proposes to add the following allegations to the Second Amended Complaint relating to Digitalspeed's violation of the TCPA, aiding and abetting, and conspiring to violate the TCPA.

1) Digitalspeed Communications, Inc. is a Pennsylvania Corporation ("Digitalspeed").

2) On information, Digitalspeed was the sender of the Unsolicited Faxes.

3) The removal numbers on the Faxes have been issued to Digitalspeed.

Incorporating the existing allegations in the Complaint, the foregoing allegations would state a cause of action against Digitalspeed.

## 2. Justice Requires Adding Mr. Pasternack Because Of His FCC Citation.

Plaintiff proposes to add the following allegations to the Second Amended Complaint relating to Mr. Pasternack's violation of the TCPA, aiding and abetting, and conspiring to violate the TCPA.

1) Defendant Adam Harris Pasternack a/k/a Adam Harris ("Pasternack") is an individual residing in the Commonwealth of Pennsylvania.

2) Pasternack is the sole owner and President of Digtalspeed and has been the sole owner and President of Digitalspeed since its incorporation in 2003.

3) Pasternack has been cited by the Federal Communications Commission in the past for the broadcasting of unsolicited facsimiles, to wit: FCC Complaint Number EB-05-TC-020.

4) Pasternack was cited by the FCC in 2005 when he was the sole owner and President of Digitalspeed.

5) Digitalspeed is the alter ego of Defendant Pasternack.

6) On information, Defendant Pasternack was the sender of the Unsolicited Faxes.

Incorporating the existing allegations in the Complaint, the foregoing allegations would state a cause of action against not only as an individual acting on his own behalf, but also as an individual acting under the corporate shield. The alter ego allegation is supported by the fact that although Digitalspeed appears to be the sender, it was Mr. Pasternack, *not Digitalspeed*, who was cited by the FCC for violating the TCPA. This demonstrates that Mr. Pasternack may be acting underneath Digitalspeed's shield. The phrase "on information" precedes "sender of the fax" because only extensive discovery will positively demonstrate whether Mr. Pasternack was acting underneath

Digitalspeed's corporate shield at the time he sent the Fax, or whether it was in fact Digitalspeed who sent the Fax.

### 3. Justice Requires Adding Mrs. Pasternack As A Spouse.

Plaintiff proposes to add the following allegations to the Second Amended Complaint relating to Mrs. Pasternack.

> 1) Alla Pasternack ("Mrs. Pasternack") is an individual residing in the Commonwealth of Pennsylvania and is the wife of Pasternack.

Plaintiff does not suggest Mrs. Pasternack was acting as a violator of the TCPA. Rather, Plaintiff proposes to add Mrs. Pasternack in her capacity as Mr. Pasternack's spouse pursuant to Arizona Revised Statutes § 25-215(d) ("In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation.").[4]

### 4. Plaintiff Shall Strike Several Paragraphs Relating To Superlattice and Hybrid, Including All Conspiracy and Aiding and Abetting Counts.

Paragraphs 3-4, 10-15, 20-28 shall be struck from the First Amended Complaint. Additionally, the following Paragraphs shall be added in their stead:

> 1) On or about May 20, 2008, Defendants sent an unsolicited fax to Plaintiff and the members of the Class (Exhibit 1), in violation of the TCPA ("Unsolicited Fax"). The Unsolicited Fax on its face states that the sender was paid the sum of $20,000 for sending out the Unsolicited Fax. On information, the cost for each fax is between 1 and 3 cents. This means that Defendants sent out between 666,667 and 2 million Unsolicited Faxes. Pursuant to the TCPA, Defendants are liable in statutory

---

[4] See proposed Second Amended Complaint attached as Exhibit 7.

damages for the sum of $500 and $1,500 for each copy of the Unsolicited Fax broadcasted, for the total of between $333 million and $3 billion.

2) On or about June 4, 2008, Defendants sent an unsolicited fax to Plaintiff and the members of the Class (Exhibit 1), in violation of the TCPA ("Unsolicited Fax"). The Unsolicited Fax on its face states that the sender was paid the sum of $20,000 for sending out the Unsolicited Fax. On information, the cost for each fax is between 1 and 3 cents. This means that Defendants sent out between 666,667 and 2 million Unsolicited Faxes. Pursuant to the TCPA, Defendants are liable in statutory damages for the sum of $500 and $1,500 for each copy of the Unsolicited Fax broadcasted, for the total of between $333 million and $3 billion.

Also, should the Court permit Plaintiff leave to amend, Plaintiff proposes to alter the proposed defined class to the following: "All persons and/or entities that received an unsolicited advertisement promoting Hybrid Technologies, Inc. or Superlattice Power, Inc. stock via unsolicited facsimile containing the toll-free removal number 1-877-885-5720 or 1-877-283-0446."

Finally, all Conspiracy and Aiding and Abetting counts will be struck.

**B. Plaintiff Did Not Cause Any Undue Delay in This Proceeding**

This case is only 6 months old. Plaintiff could not target the identity of the sender of the Fax for approximately 3 months and used all diligence in its attempts. Once Plaintiff did identify Digitalspeed and Mr. Pasternack, it quickly filed a Second Amended Complaint. It was not until approximately two weeks ago the Court struck the Second Amended Complaint. Plaintiff has been diligent and prompt.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this motion be sustained and whatever else this Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of December, 2008.

**LAW FIRM OF PETER STROJNIK**

*/s/ Peter Strojnik*
Peter Strojnik
Attorney for the Plaintiff